UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S LONGSHORE, KEITH L CLOSSON,

Plaintiffs,

v.

STEPHEN SINCLAIR,

Defendant.

CASE NO. 3:17-CV-05593-RBL-DWC

ORDER

Plaintiffs Charles S. Longshore and Keith L. Closson, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint under 42 U.S.C. § 1983. There are currently ten motions pending before the Court in this case. *See* Dkt. 4-6, 13, 18, 29, 34, 37, 38, 49.[1] The Court has reviewed the relevant record and directs Plaintiffs to show cause why this case should not be severed because Plaintiffs are no longer housed at the same correctional facility. Regarding Platiniffs' Motions, the Court: (1) denies Plaintiffs' Motion for Counsel (Dkt. 5), Motion for Telephonic Conference (Dkt. 13), and Motion to Proceed (Dkt. 18); (2) grants Plaintiffs' Motion to Strike (Dkt. 37); (3) denies as moot Platiniffs' Motion for Recusal (Dkt.

---

[1] Plaintiff Closson also filed a "Motion and Declaration for Order Directing Prison Subject to E-Filing System to Designate Appropriate Staff to Scan ECFs to the Court and to Extend a Due Measure of Confidentiality to Same," requesting injunctive relief. Dkt. 50. This Motion will be addressed in a separately filed Report and Recommendation.

ORDER - 1

38); and (4) re-notes Plaintiffs' Motions for injunctive relief (Dkt. 4, 34), Motion for class certification and class counsel (Dkt. 6); Motion to Appoint Experts (Dkt. 49), and Motion for Privileged Correspondence (Dkt. 29) for November 24, 2017.

**I.  Order to Show Cause**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court, on just terms, to sever claims. *See Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir.1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Even if Plaintiffs in this action are properly joined, the Court has found that management of *pro se* multi-plaintiff inmate litigation presents significant burdens to the parties and the Court. In this case, Plaintiffs are inmates who are proceeding *pro se*, and, although each Plaintiff may appear on his own behalf, one Plaintiff may not appear as an attorney for the other. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also Russell v. United* States, 308 F.2d 78, 79 (9th Cir. 1962) (holding that "a litigant appearing *in propria persona* has no authority to represent anyone other than himself"). As such, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all Plaintiffs would be required to individually sign any motion or notice filed on behalf of all Plaintiffs.

Here, when the case was initiated, both Plaintiffs were housed at Stafford Creek Corrections Center; however, on October 5, 2017, Plaintiff Longshore filed a Notice of Change

of Address, stating he had been transferred to Washington Corrections Center. *See* Dkt. 48. Because Plaintiffs are now housed at different facilities and because of security concerns related to inmate correspondence and face-to-face communications, it is unlikely Plaintiffs will be able to file any motions or notices on behalf of all Plaintiffs. Further, Plaintiffs would have, at best, very limited opportunities to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. *See Osterloth v. Hopwood*, 2006 WL 3337505, at *4 (D. Mont. Nov. 15, 2006). Continued administration of this lawsuit by Plaintiffs has become virtually impossible due to their housing placements and regulations regarding inmate-to-inmate correspondence.

With these concerns in mind, the Court finds the adjudication of Plaintiffs' claims in the same action would result in unfairness to Plaintiffs and Defendant, while also impacting the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket. Allowing each Plaintiff to proceed separately would overcome the unfairness created by these circumstances. Therefore, the parties are directed to show cause why this action should not be severed.

Plaintiffs and Defendant shall file briefing with the Court on or before November 20, 2017, showing cause why the case should not be severed. **The Court notes some signatures appear inconsistent throughout the filings in this case. A *pro se* plaintiff shall not sign a document on behalf of another plaintiff.**

**II.     Motions**

A.  Motion for Court Appointed Counsel (Dkt. 5)

On August 1, 2017, Plaintiffs filed a "Motion and Declaration to Appoint Counsel" ("Motion for Counsel"). Dkt. 5. No constitutional right to appointed counsel exists in a § 1983

action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel and documents filed in support of the Motion for Counsel, Plaintiffs state they are likely to succeed on the merits of this case and are unable to articulate their claims because they are proceeding *pro se*. Dkt. 5. At this time, Plaintiffs have not shown, nor does the Court find, this case involves complex facts or law. Plaintiffs have also not shown an inability to articulate the factual basis of their claims in a fashion understandable to the Court, nor have they shown they are likely to succeed on the merits of this case. The Court notes Plaintiffs have adequately articulated their claims in the First Amended Complaint, and various motions and documents filed by Plaintiffs are organized and understandable to the Court. *See e.g.* Dkt. 5, 13, 26, 29, 34, 37, 38. Further, "Plaintiff[s'] incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the

appointment of counsel. Rather, they are the type of difficulties encountered by many *pro se* litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

For the above stated reasons, the Court finds Plaintiffs have failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiffs' Motion for Counsel (Dkt. 5) is denied without prejudice.

B. <u>Improper Motions (Dkt. 13, 18)</u>

On August 9, 2017, Plaintiff Longshore filed a letter requesting a telephonic conference ("Motion for Telephonic Conference"). Dkt. 13. The Motion for Telephonic Conference is signed only by Plaintiff Longshore, but requests the Court set oral argument for both Plaintiffs. Further, on August 16, 2017, Plaintiff Closson filed a "Motion to Allow Case to Proceed with Exhaustion Pending [a]n Order to prevent Irreparable Harm" ("Motion to Proceed") on behalf of both Plaintiffs. Dkt. 18. The Motion to Proceed, however, was signed only by Plaintiff Closson.[2]

As Plaintiffs cannot act on behalf of one another, the Motion for Telephonic Conference (Dkt. 13) and Motion to Proceed (Dkt. 18) are denied. *See* Fed. R. Civ. P. 11; *Russell*, 308 F.2d at 79.

C. <u>Motion to Strike (Dkt. 37)</u>

Plaintiffs filed a "Joint Motion to Strike [Non-Party] Filing ECF No. 24" ("Motion to Strike"), requesting the Court strike the Declaration of non-party Kelly Irby. Dkt. 37. It appears the Irby Declaration was not submitted by any party in this case. *See* Dkt. 24. As a party did not submit the Irby Declaration to the Court, the Court finds it appropriate to strike the Irby Declaration. Accordingly, Plaintiffs' Motion to Strike (Dkt. 37) is granted. The Clerk is directed to strike the Declaration of Kelly Irby (Dkt. 24) from the record.

---

[2] The Court notes Plaintiff Longshore filed a Declaration in support of the Motion to Proceed; however, the Motion to Proceed was filed only by Plaintiff Closson. *See* Dkt. 18, 20.

D. Motion for Recusal (Dkt. 38)

Plaintiffs' filed an "Affidavit of Bias or Prejudice and Disqualification of Magistrate Judge Theresa L. Fricke" ("Motion for Recusal"). Dkt. 38. Plaintiffs request Judge Fricke be recused from this case. On September 29, 2017, this case was referred to the undersigned and Judge Fricke was no longer referred to this matter. *See* Dkt. 40. As this matter is no longer referred to Judge Fricke, Plaintiffs' Motion for Recusal (Dkt. 38) is denied as moot.

E. Re-Noted Motions (Dkt. 4, 6, 29, 34, 49)

Plaintiffs have filed two Motions requesting injunctive relief (Dkt. 4, 34). Plaintiff Longshore's transfer to Washington Corrections Center may moot the requests for injunctive relief. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility."). Further, severance of this case may impact the requests for injunctive relief. Accordingly, the Clerk is directed to re-note the Motions requesting injunctive relief (Dkt. 4, 34) for November 24, 2017.

Plaintiffs have moved for class certification and class counsel and filed a "Joint Motion to Appoint Experts in this Case" ("Motion to Appoint Experts"). Dkt. 6, 49. If this action is severed, Plaintiffs current requests for class certification, class counsel, and expert witnesses may be mooted. As such, the Clerk is directed to re-note the Motion requesting class certification and class counsel (Dkt. 6) and the Motion to Appoint Experts (Dkt. 49) for November 24, 2017.

Plaintiffs also filed a "Motion for Order Granting Privileged Correspondence Status to Co-Plaintiffs." Dkt. 29. If the action is severed, Plaintiffs will no longer be "co-plaintiffs" and will not need privileged correspondence status. Therefore, the Clerk is directed to re-note this Motion (Dkt. 29) for November 24, 2017, as this Motion may be mooted if this case is severed.

### III. Conclusion

In summation, the Court orders the following:

- Plaintiffs and Defendant shall file briefing with the Court on or before November 20, 2017, showing cause why this case should not be severed.
- Plaintiff's Motion for Counsel (Dkt. 5), Motion for Telephonic Conference (Dkt. 13), and Motion to Proceed (Dkt. 18) are denied.
- Plaintiffs' Motion to Strike (Dkt. 37) is granted.
- Plaintiffs' Motion for Recusal (Dkt. 38) is denied as moot.
- The Clerk is directed to strike the Declaration of Kelly Irby (Dkt. 24) from the record. The Clerk is also directed to re-note the Motions requesting injunctive relief (Dkt. 4, 34), Motion for class certification and class counsel (Dkt. 6), Motion to Appoint Experts (Dkt. 49), and Motion for Order Granting Privileged Correspondence Status to Co-Plaintiffs (Dkt. 29) for November 24, 2017.

Dated this 20th day of October, 2017.

David W. Christel
United States Magistrate Judge