UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S LONGSHORE, KEITH L CLOSSON,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN SINCLAIR,<br><br>Defendant. | CASE NO. 3:17-CV-05593-RBL-DWC<br><br>ORDER |

Plaintiffs Charles S. Longshore and Keith L. Closson, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint under 42 U.S.C. § 1983. There are currently seven Motions pending before the Court. Dkt. 6, 29, 49, 63, 71, 72, 76.[1] The Court has reviewed the relevant record and directs Plaintiff Longshore to file an amended complaint on or before January 10, 2018. The Court also: (1) denies Defendant's Motion to Stay Proceedings Pending Resolution of the Severance Issue (Dkt. 63), and Plaintiffs' Motion for Class Certification and Counsel (Dkt. 6), Motion for Order Granting Privileged Correspondence Status to Co-Plaintiffs (Dkt. 29), Joint Motion to Appoint Expert in this Case (Dkt. 49), Motion for Pretrial Scheduling

---

[1] Plaintiff Closson filed a Notice of Dismissal and Plaintiffs filed two requests for injunctive relief. Dkt. 4, 34, 70. These three motions have been addressed in a separately filed Report and Recommendation.

ORDER - 1

Order and Expedited Initial Disclosures and Request for Teleconference with Court (Dkt. 71), and Motion for Order Directing Mediation to Settle Suit (Dkt. 76); and (2) grants Plaintiff Longshore's Motion to Regenerate ECFs No. 43-62 as not Received or Served (Dkt. 72).

**I.      Background**

On October 20, 2017, the Court directed the parties to show cause why this case should not be severed. Dkt. 52. Plaintiff Closson filed a Notice of Dismissal on November 14, 2017. Dkt. 70. The Court has considered Plaintiff Closson's Notice of Dismissal, and has recommended the claims alleged by Plaintiff Closson be dismissed from this case without prejudice.

**II.     Order to Amend**

The operative Complaint in this case contains claims alleged by both Plaintiffs Closson and Longshore. *See* Dkt. 17. As the Court has recommended Plaintiff Closson be dismissed from this case, the Court directs Plaintiff Longshore to file an amended complaint containing only his allegations of constitutional violations related to the use of shared electric razors by inmates housed in restrictive housing units. The amended complaint shall not contain any allegations related to Plaintiff Closson or any other inmate.

Plaintiff Longshore must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff Longshore believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff Longshore's constitutional rights; and (5) what specific injury Plaintiff Longshore suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff Longshore shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement.

If Plaintiff Longshore fails to file an amended complaint on or before January 10, 2018, the undersigned will recommend dismissal of this action.

**III.     Motion to Stay (Dkt. 63)**

Defendant requests the Court stay these proceedings until the Court has determined whether this case should be severed. Dkt. 63. Plaintiff Closson has filed a Notice of Dismissal, requesting to be dismissed from this action, effectively mooting the severance issue. *See* Dkt. 70. As the Court has directed Plaintiff Longshore to file an amended complaint and as Plaintiff Closson has requested dismissal from this action, the Court denies Defendant's Motion to Stay Proceedings (Dkt. 63). However, because Plaintiff Longshore must file an amended complaint, Defendant is not required to file an answer or other responsive pleading until thirty days after Plaintiff Longshore files his amended complaint.

**IV.     Motion to Regenerate ECFs (Dkt. 72)**

Plaintiff Longshore filed a Motion to Regenerate ECFs No. 43-62 as not Received or Served. Dkt. 72. Plaintiff Longshore states he has been transferred to several facilities and has not received Docket Entries 43-62. *Id*. After consideration of Plaintiff Longshore's Motion to Regenerate ECFs, the Motion (Dkt. 72) is granted. The Clerk is directed to resend Docket Entries 43 – 62 to Plaintiff Longshore.

## V. Miscellaneous Motions (Dkt. 6, 29, 49, 71, 76)

Plaintiffs have filed a Motion for Class Certification and Counsel, Motion for Order Granting Privileged Correspondence Status to Co-Plaintiffs, Joint Motion to Appoint Experts in this Case, Motion for Pretrial Scheduling Order, and Motion for Order Directing Mediation to Settle Suit. Dkt. 6, 29, 49, 71, 76. These five Motions are related either to the multi-plaintiff litigation or the claims raised in the Complaint. The Court has directed Plaintiff Longshore to file an amended complaint. Further, Plaintiff Closson has filed a notice of voluntary dismissal. *See* Dkt. 70. In the interest of fairness to all parties, the Court finds it appropriate to consider only motions related to Plaintiff Longshore's claims. As Plaintiff Longshore must file an amended complaint, these five Motions (Dkt. 6, 29, 49, 71, 76) are denied. Plaintiff Longshore may file renewed motions after filing his amended complaint.[2]

## VI. Conclusion

For the above stated reasons, the Court directs Plaintiff Longshore to file an amended complaint on or before January 10, 2018.

Defendant's Motion to Stay Proceedings (Dkt. 63) is denied. However, Defendant is not required to file an answer or other responsive pleading until thirty days after Plaintiff Longshore files his amended complaint.

Plaintiff Longshore's Motion to Regenerate ECFs (Dkt. 72) is granted.

Plaintiffs' Motion for Class Certification and Counsel (Dkt. 6), Motion for Order Granting Privileged Correspondence Status to Co-Plaintiffs (Dkt. 29), Joint Motion to Appoint Experts in this Case (Dkt. 49), Motion for Pretrial Scheduling Order (Dkt. 71), and Motion for

---

[2] The Court also notes Plaintiff Longshore's request for a scheduling order (Dkt. 71) is premature. The Court will not file a scheduling order in this case until Defendant files an answer.

Order Directing Mediation to Settle Suit (Dkt. 76) are denied. Plaintiff Longshore, however, may file renewed motions after filing his amended complaint.

The Clerk is directed to resend Docket Entries 43 – 62 to Plaintiff Longshore. The Clerk is also directed to send Plaintiff Longshore the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 11th day of December, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge