UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S LONGSHORE, KEITH L CLOSSON,

Plaintiffs,

v.

STEPHEN SINCLAIR,

Defendant.

CASE NO. 3:17-CV-05593-RBL-DWC

ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

Plaintiffs Charles S. Longshore and Keith L. Closson, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint under 42 U.S.C. § 1983. On October 23, 2017, Plaintiff Longshore filed a "Motion to Appoint Counsel or Supplement Current Briefing? And an Order Permitting Plaintiffs to Correspond Privliged (sic) Mail, and Send a Copy of the Local Rules and Resend All Documents After EFC No. 43" ("Motion"). Dkt. 56. In the Motion, Plaintiff Longshore is requesting Court-appointed counsel. *See id*.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

| | |
|---|---|
| 1 | discretionary, not mandatory"). However, in "exceptional circumstances," a district court may |
| 2 | appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 |
| 3 | U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other* |
| 4 | *grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the |
| 5 | Court must evaluate both "the likelihood of success on the merits [and] the ability of the |
| 6 | [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." |
| 7 | *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 |
| 8 | F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp |
| 9 | of his case or the legal issues involved and an inadequate ability to articulate the factual basis of |
| 10 | his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). |
| 11 | In the Motion, Plaintiff Longshore states he is housed in the Mason County Jail and has |
| 12 | limited access to his legal materials. Dkt. 56. He also states he cannot communicate with Plaintiff |
| 13 | Closson. *Id*. The record reflects Plaintiff Longshore has been transferred to Stafford Creek |
| 14 | Corrections Center. *See* Dkt. 60. Moreover, the Court has recommended Plaintiff Closson's |
| 15 | claims be dismissed without prejudice. Dkt. 80. Therefore, Plaintiff Longshore's reasons for |
| 16 | needing the assistance of Court-appointed counsel are no longer applicable. |
| 17 | Furthermore, Plaintiff Longshore has not shown, nor does the Court find, this case |
| 18 | involves complex facts or law. Plaintiff Longshore has also not shown an inability to articulate |
| 19 | the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is |
| 20 | likely to succeed on the merits of this case. Additionally, "Plaintiff's incarceration and limited |
| 21 | access to legal materials are not exceptional factors constituting exceptional circumstances that |
| 22 | warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many |
| 23 | *pro se* litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). |
| 24 | |

For the above stated reasons, the Court finds Plaintiff Longshore has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff Longshore's Motion (Dkt. 56) is denied without prejudice.[1]

Dated this 13th day of December, 2017.

David W. Christel
United States Magistrate Judge

---

[1] In the Motion, Plaintiff Longshore also requests (1) an order permitting privileged communication between plaintiffs; (2) a copy of the Local Rules; and (3) copies of all ECF Entries after Docket Entry 43. Dkt. 56. The Court as recommended Plaintiff Closson be dismissed from this action and has directed the Clerk to provide Plaintiff Longshore with copies of the Docket Entries he allegedly did not receive. *See* Dkt. 80, 81. Further, the Court does not provide copies of the Local Rules. Therefore, these additional requests for relief are denied as moot.